**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Louis N. Farris, Jr.,** | ) | **CASE NO. 17 CV 820** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **ADT LLC, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant ADT LLC of Delaware, d/b/a ADT Security Service's[1] Motion for Judgment on the Pleadings (Doc. 17). This is a breach of contract case. For the reasons that follow, the motion is GRANTED in part and DENIED in part. Count three is dismissed. Counts one and two remain pending. Plaintiff's request for oral argument is

---

[1] Plaintiff incorrectly identified this defendant as ADT LLC d/b/a ADT Security Services. Both parties agree that the proper name for the entity is ADT LLC of Delaware. In addition, although originally named in the Amended Complaint, Gallagher Basset Services, Inc. was subsequently voluntarily dismissed by plaintiff prior to the filing of this motion.

1

denied as unnecessary.

**FACTS**

Plaintiff Louis N. Farris, Jr. brings this lawsuit against defendant ADT LLC, alleging breach of contract and violation of the Ohio Consumer Sales Practices Act ("CSPA"). For purposes of ruling on the motion, the facts in the amended complaint are presumed true.

According to the amended complaint, plaintiff and defendant had a contractual relationship dating back to October 1985 in which defendant would install various security and monitoring equipment in plaintiff's home in exchange for a monthly fee. Plaintiff alleges that pursuant to this contractual relationship, defendant installed two flood detection monitoring sensors in plaintiff's house in 2016. However, defendant's technician installed the sensors upside down and failed to connect the sensors to the monitoring and alarm system. As a result, plaintiff was not notified when his HVAC System began to leak, causing damage to plaintiff's house.

Plaintiff alleges that following the leak, plaintiff contacted defendant to report the damage, had the damage evaluated, and submitted a claim. Defendant also inspected the house and provided an estimate of the damage.[2] After obtaining the estimate, defendant informed plaintiff that the claim was not covered because plaintiff had signed a contract with defendant

---

[2] Plaintiff alleges that several of these communications took place with defendant's insurance company, Gallagher Bassett. Am. Compl. ¶¶ 26, 30-33. Plaintiff does not specifically allege in the amended complaint that Gallagher Bassett was acting as defendant's agent, but plaintiff's allegations indicate that an agency relationship existed. Plaintiff also states in his opposition that an agency relationship existed. Opp. at 8. Defendant does not dispute that Gallagher Basset was acting as its agent, so for purposes of this motion, the Court will presume that an agency relationship between Gallagher Bassett and defendant existed.

2

over twenty years ago that contained a liquidated damages clause. As a result, defendant refused to pay plaintiff for the damage.

Thereafter, plaintiff filed this lawsuit asserting three claims for relief. Count one is a claim for violation of the CSPA. Count two is a claim for breach of contract. Count three is a claim for violation of the Ohio Product Liability Act. Defendant moves for judgment on the pleadings with respect to the claims. Plaintiff opposes the motion with respect to counts one and two only. Plaintiff agrees that dismissal of count three is appropriate.

**STANDARD OF REVIEW**

A "motion for judgment on the pleadings under Rule 12(c) is generally reviewed under the same standard as a Rule 12(b)(6) motion." *Mellentine v. Ameriquest Mortg. Co.*, 2013 WL 560515, *3 (6th Cir. Feb. 14, 2013) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). "For purposes of a motion for judgment on the pleadings, all well-pleaded allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007).

Thus, "[w]e assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc.*,

3

123 F.3d 394, 400 (6th Cir. 1997). As outlined by the Sixth Circuit:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Thus, *Twombly* and *Iqbal* require that the complaint contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570; *Iqbal,* 556 U.S. at 678. The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555.

## **ANALYSIS**

For ease of reference, the Court will address the breach of contract claim first.

### 1.  **Count Two (Breach of Contract)**

Defendant argues that count two should be dismissed because a 1998 contract governs the parties' relationship. Defendant attaches this document to its motion and argues that the document is essential to plaintiff's claims and that, pursuant to Sixth Circuit authority, the Court can consider it without converting the motion to a motion for summary judgment. That document contains an exculpatory provision as well as a provision limiting defendant's liability to $250. Defendant claims that if the Court considers these provisions, plaintiff's breach of contract claim fails. In response, plaintiff argues that the 1998 document does not govern the

4

dispute because the plaintiff never signed that document, the document is titled "Customer's Order," and the document references an already-existing contractual relationship between the parties. Further, plaintiff disputes the authenticity of the document and argues that the Court cannot consider this document for the purposes of this motion.

Upon review, the Court agrees with plaintiff. District courts may only consider matters outside the pleadings in deciding a motion to dismiss if they treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Patterson v. Novartis Pharmaceuticals Corp.,* 2011 WL 3701884, *3 (6th Cir. Aug. 23, 2011). Further, in a motion for judgment on the pleadings, "all allegations of the moving party which have been denied by the non-moving party must be taken as false." *Menifee v. Rexam, Inc.,* 2005 WL 2230257, *2 (N.D. Ohio, Sept. 13, 2005). The 1998 document attached to defendant's motion as Exhibit A was not included in the parties' pleadings. More importantly, plaintiff disputes the authenticity of Exhibit A, which plaintiff did not sign. For these reasons, the Court will not consider the 1998 document for the purposes of this motion.[3]

Defendant next argues that plaintiff's claim fails because plaintiff did not attach the relevant contract and did not identify the specific contract provision that defendant breached. In response, plaintiff argues that there is no record of a written contract. Therefore, he is unable to identify the actual terms of the breached contract.

---

[3] Because the Court will not consider the enforceability of the 1998 document for purposes of this motion, the Court will not reach the issues raised by defendant pertaining to the exculpatory and limitation of liability clauses.

5

Upon review, the Court finds that plaintiff has sufficiently pled a claim for breach of contract. Under Ohio law, to prevail on a breach of contract claim, a plaintiff must establish that: (1) a contract existed; (2) the plaintiff fulfilled his contractual obligations; (3) the defendant failed to meet his duties; and (4) damages resulted. *Wamen v. Goodyear Tire & Rubber Co.*, 2014 WL 185901 (N.D. Ohio Jan. 15, 2014). Further, the complaint must point to a specific contract provision that has been breached. *Id.* Here, plaintiff alleges that the parties had a contractual relationship based on performance which required defendant to provide home monitoring services, including flood warnings. Plaintiff further alleges that defendant's equipment failed to work because it did not provide the flood warnings as required under the contract. Plaintiff also alleges that he suffered damage as a result. Am. Compl. ¶¶ 43-45.

These specific allegations are sufficient to state a claim for breach of contract under Ohio law. Defendant's citation to *Northampton* does not change this conclusion. As defendant notes, the Sixth Circuit stated in *Northampton* that a party can only advance a claim of breach of *written* contract by identifying and presenting the actual terms of the contract allegedly breached. *Northampton Rest. Grp., Inc. v. First Merit Bank, N.A.* 2012 WL 2608807 (6th Cir. July 5, 2012). Plaintiff has alleged that although the parties had a contractual relationship dating back to October 1985, no written contract ever existed.[4] Nevertheless, Plaintiff did set forth the

---

[4] Defendant argues that plaintiff cannot assert a breach of an express contract and at the same time argue that no contract exists. This argument mischaracterizes plaintiff's allegation which is that no written contract exists between the parties. Am. Compl. ¶ 15. Plaintiff may assert a breach of express oral contract. *Hong Sup Kim v. Kee Hoon Lee*, 2017 WL 932382 (S.D. Ohio Mar. 9, 2017) ("Generally, courts recognize three types of contracts: express, implied in fact, and implied in law . . . [t]o make an express contract, the parties must have actually spoken or written out the terms of the agreement and must then have accepted them.") (quoting *Legros v. Tarr*, 540 N.E. 2d 257 (Ohio 1989)).

6

specific terms of the contract that defendant allegedly breached. See, e.g. Am. Compl. ¶¶ 43-46. As such, dismissal of count two is not warranted.

### 2. Count One (CSPA)

Defendant argues that count one should be dismissed because it is nothing more than a "miscast" breach of contract claim. Defendant argues that a breach of contract, without more, cannot give rise to a CSPA claim. In response, plaintiff argues that he did allege more than a breach of contract and that defendant engaged in deceptive and unfair acts, as required by the CSPA, through its failure to properly install the monitoring system and its subsequent false communication with plaintiff pertaining to a contract between the parties.

Upon review, the Court declines to dismiss the CSPA claim at this stage in the proceedings. The Ohio Supreme Court has held that the CSPA defines 'unfair or deceptive consumer sales practices' as "those that mislead consumers about the nature of the product they are receiving," and that 'unconscionable acts or practices' relate to "a supplier manipulating a consumer's understanding of the nature of the transaction at issue." *Whitaker v. M.T. Auto, Inc.,* 855 N.E.2d 825 (Ohio 2006) (quoting *Johnson v. Microsoft Corp.,* 834 N.E.2d 791 (Ohio 1990)). The CSPA is "a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to Revised Code § 1.11." *Id.* at ¶ 11 (quoting *Einhorn v. Ford Motor Co.,* 548 N.E.2d 933 (Ohio 1990)).

Defendant cites three cases, all of which proceeded to trial, in support of its argument that plaintiff's CSPA claim should be dismissed as a mere breach of contract. Although these cases generally state that not every breach of contract will give rise to a CSPA violation, they also hold that breach of contract claims may proceed with CSPA claims when the breach of

7

contract was knowing, unfair, or deceptive. *Davis v. Hawley Gen. Contracting, Inc.,* 42 N.E.3d 276 (Ohio Ct. App. 2015); *Cartwright v. Beverly Hills Floors*, 2013 WL 2423185 (Ohio Ct. App. May 30, 2013); *Nelson v. Pieratt*, 2012 WL 2088635 (Ohio Ct. App. June 11, 2012). In fact, the *Davis* court of appeals reversed the trial court's determination that no CSPA violation occurred where the contractor had breached the parties' contract, failed to construct the basement in accordance with the applicable building codes after promising to do so, and falsely assured the homeowners that he would remedy the situation. *Davis v. Hawley Gen. Contracting, Inc.,* 42 N.E.3d 276, 283 (Ohio Ct. App. 2015). Similarly, the court in *Nelson* stated that a knowing breach of contract or a breach of contract that consists of an unfair or deceptive act can give rise to a CSPA claim. *Nelson v. Pieratt*, 2012 WL 2088635 (Ohio Ct. App. 2012). The jury in *Nelson* found that the defendant violated the CSPA when, among other things, he represented that the construction work performed had been supplied in accordance with a previous representation when it had not, and he failed to perform the work under the parties' contract in a good and workmanlike manner. *Id. See also Cartwright v. Beverly Hills Floors*, 2013 WL 2423185 (May 30, 2013) ("When a supplier knowingly commits a breach, the breach is likely also an unfair or deceptive act.").

Here, plaintiff alleges that defendant failed to perform the work under the parties' contract in a workmanlike manner and that it did so in bad faith. Am. Compl. ¶ 49. Plaintiff also alleges that defendant opened a claim file with its insurance company, but then subsequently told plaintiff that it would not pay for the damage resulting from the faulty monitoring equipment because plaintiff had signed a contract limiting his damages. Plaintiff alleges that no such

8

contract exists. These allegations, which must be taken as true at this stage in the proceedings, provide the basis for more than a mere breach of contract.

Defendant also argues, for the first time in its reply brief, that plaintiff's CSPA claim should be dismissed because plaintiff failed to allege that he relied upon or was damaged by defendant's false statement with regard to the alleged signed contract.[5]

Upon review, this Court rejects defendant's argument that plaintiff failed to adequately plead a CSPA claim based on reliance or proximate cause. In order to state a claim under the CSPA, plaintiff must set forth a nexus between defendant's conduct and plaintiff's injury. *Marlowe v. Nature's Bounty Co.*, 2017 WL 2291683 (N.D. Ohio May 25, 2017)(quoting *Butler v. Sterling*, 2000 WL 353502 (6th Cir. Mar. 31, 2000)) ("where the defendant is alleged to have made material misrepresentations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries"); *Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 798 (N.D. Ohio 2012) (same); *Robinson v. Vehicle Acceptance Corp.*, 2017 WL 3084579 (Ohio Ct. App. July 20, 2017) ("to recover under the CSPA for an alleged loss, the violation must be the proximate cause of the loss"). Further, under *Marlowe,* to survive a motion to dismiss a CSPA claim, "plaintiff must allege that he or she was aware of the alleged misrepresentation before or during the purchase." *Marlowe*, 2017 WL 2291683 at *2.

---

[5] Defendant also argues that plaintiff cannot simultaneously dispute the enforceability of Exhibit A while alleging that defendant made a false statement about Exhibit A. This argument is nonsensical. Plaintiff alleges that defendant stated in a telephone conversation that plaintiff had signed a contract that he did not sign. Exhibit A, which was attached to defendant's motion, is an unsigned contract and therefore supports plaintiff's allegation.

9

Here, Plaintiff alleges that he believed that defendant's employee had correctly installed the flood detection monitoring sensors. After the water damage occurred, plaintiff contacted defendant and its insurance company. Following those communications, plaintiff obtained an estimate for the repairs. Defendant also inspected plaintiff's property and obtained an estimate for the repairs. Plaintiff alleges that after these communications, he was informed by defendant that he had signed a contract limiting his liability and that defendant would not repair the damage caused by the undetected water in the attic. Plaintiff alleges that as a direct and proximate result of defendant's bad faith failure to perform its work in a workmanlike manner, failure to remedy the resulting damage, and false statements about the parties' contract, plaintiff suffered both economic and noneconomic injury, including mental anguish and emotional distress.[6] Am. Compl. ¶ 40.

Defendant argues that the CSPA claim cannot rest on plaintiff's allegation that defendant made a misrepresentation regarding the signed contract, because that misrepresentation took place over a month after the water damage occurred and plaintiff did not allege that he relied on that misrepresentation. This argument assumes that Plaintiff's CSPA claim is based entirely on that specific misrepresentation. Plaintiff's CSPA claim is based both on the bad faith failure to perform the contract in a workmanlike manner and the subsequent communications relating to defendant's contractual obligation to compensate plaintiff for that damage. The Court finds that, when considered together, these allegations are sufficient to meet the standard set forth in

---

[6] The CSPA provides for all forms of compensatory relief, including noneconomic damages for mental pain and suffering. *Whitaker v. M.T. Auto., Inc.,* 855 N.E.2d 825 (Ohio 2006).

*Marlowe* and *Reeves*. There is a sufficient nexus between defendant's acts and plaintiff's injuries to survive a motion for judgment on the pleadings.

### **CONCLUSION**

For the foregoing reasons, Defendant ADT's Motion for Judgment on the Pleadings (Doc. 17) is GRANTED in part and DENIED in part. Count three is dismissed. Counts one and two remain pending.

IT IS SO ORDERED.

        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge
        Chief Judge

Dated: 9/29/17